IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HEATHER ANN BARTCZAK,
Petitioner,

v. Case No. 4:26cv141/TKW/MAL

WARDEN FBOP,
Respondent.
______________________________/

# **REPORT AND RECOMMENDATION**

Petitioner Heather Ann Bartczak, an inmate at the Federal Correctional Institution in Tallahassee, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. Petitioner received an incident report for drug use following a positive urinalysis, and through her petition she sought to challenge disciplinary findings and resulting sanctions. *Id.* at 9-10. She claimed that the urinalysis was conducted in violation of Bureau of Prisons regulations, and that therefore the result of the urinalysis, the only proof used against her, was unreliable.

On March 31, 2026, the undersigned entered an order directing Petitioner to (1) pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis*, and (2) submit an amended § 2241 petition and two service copies thereof. ECF No. 4. Petitioner was instructed to comply by April 30, 2026, and she was

warned that failure to comply with an order of the court would result in a recommendation that this case be dismissed.

Having received no response from Petitioner, on June 24, 2026, the Court issued an order directing Petitioner to show cause, in writing, by July 13, 2026, why this case should not be dismissed due to her failure to comply with the Court's order. ECF No. 5. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner did not respond. She has filed nothing since submitting her original habeas petition.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for her failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on August 4, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.